IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

CHARLIE BLUNT, #81425                                        PETITIONER

V.                                    CIVIL ACTION NO. 3:13cv575-TSL-JCG

HUBERT DAVIS, *Warden*; and                                RESPONDENTS
RON KING, *Superintendent*

## REPORT AND RECOMMENDATION

BEFORE THE COURT is the Petition under 28 U.S.C. § 2254 for Writ of

Habeas Corpus by a Person in State Custody, filed by Petitioner Charlie Blunt.[1]

The Petition challenges Blunt's 2011 enhanced sentence as a violent habitual

offender to life without the possibility of parole or probation. Having considered the

submissions of the parties, the record, and relevant legal authority, the undersigned

United States Magistrate Judge recommends that Petitioner's request for relief

pursuant to 28 U.S.C. § 2254 be denied. Blunt has not demonstrated that he is

entitled to federal habeas relief.

## BACKGROUND

Blunt is a postconviction inmate in the custody of the Mississippi

Department of Corrections (MDOC). Following a jury trial in the Circuit Court of

the First Judicial District of Hinds County, Mississippi, Blunt was convicted on

April 15, 2011, of motor vehicle theft, his fifth felony conviction. (Cause No. 10-0-

---

[1] Petitioner filed the instant Petition as "Charlie Blunt" but proceeded under the name
"Blount" in state court proceedings.

1

806, ECF No. 56-1, at 41-42). Prior to this conviction, Blunt pleaded guilty in 1993

to three felonies – (1) simple assault against a law enforcement officer, which Blunt

denies in his Petition, claiming that he was convicted of misdemeanor simple

assault; (2) accessory after the fact to grand larceny, and (3) receiving stolen goods.

*Blount v. State,* 126 So. 3d 927, 929 (Miss. Ct. App. 2013). For the three convictions

in 1993, Blunt was sentenced to five years imprisonment on each count, to run

concurrently. He was released from prison after two years and two days. (ECF No.

56-5, at 31). In 1996, Blunt was tried by a jury and convicted of cocaine possession.

He was sentenced to three-years imprisonment as a habitual offender under

Mississippi Code § 99-19-81, which provides:

> Every person convicted in this state of a felony who shall
> have been convicted twice previously of any felony or
> federal crime upon charges separately brought and arising
> out of separate incidents at different times and who shall
> have been sentenced to separate terms of one (1) year or
> more in any state and/or federal penal institution, whether
> in this state or elsewhere, shall be sentenced to the
> maximum term of imprisonment prescribed for such felony,
> and such sentence shall not be reduced or suspended nor
> shall such person be eligible for parole or probation.

Miss. Code § 99-19-81.

For his 2011 motor vehicle theft conviction, Blunt was sentenced under

Mississippi Code § 99-19-83, a violent habitual offender statute, to life

imprisonment without eligibility for parole or probation. *Id.* at 44. Section 99-19-83

provides:

> Every person convicted in this state of a felony who shall
> have been convicted twice previously of any felony or

2

federal crime upon charges separately brought and arising out of separate incidents at different times and who shall have been sentenced to and served separate terms of one (1) year or more, whether served concurrently or not, in any state and/or federal penal institution, whether in this state or elsewhere, and where any one (1) of such felonies shall have been a crime of violence, as defined by Section 97-3-2, shall be sentenced to life imprisonment, and such sentence shall not be reduced or suspended nor shall such person be eligible for parole, probation or any other form of early release from actual physical custody within the Department of Corrections.

Miss. Code § 99-19-83.

Blunt appealed his 2011 conviction and sentence for motor vehicle theft. He was represented by counsel with the Office of State Public Defender, Indigent Appeals Division, and advanced three arguments: (1) Blunt alleged that the trial court erred in refusing his jury instruction for the lesser-included offense of trespass; (2) Blunt maintained that the State's evidence was insufficient to support a conviction for motor vehicle theft because there was no evidence that he intended to temporarily or permanently deprive anyone of ownership of the vehicle; and (3) Blunt argued that the State did not present sufficient evidence that he had been convicted twice previously of felonies arising out of separate incidents at different times for which he had served one year or more, with one having been a crime of violence. (Cause No. 2011-KA-00906-COA, ECF No. 56-6, at 37-48).

The crime of violence aspect of Blunt's habitual status was predicated on his 1993 conviction for simple assault against a law enforcement officer under Mississippi Code § 97-3-7, which Blunt maintains was a conviction for misdemeanor

simple assault. Blunt argued in the trial court and on appeal that, because the sentencing order stated "simple assault . . . 5 years" and not "simple assault against a law enforcement officer," Blunt's five-year sentence was illegal. (ECF No. 55-17, at 6; ECF No. 56-6, at 42-45).

In a September 4, 2012 decision, the Mississippi Court of Appeals rejected this argument because Blount's indictment stated that Blunt attempted to cause bodily injury to Jim Jones, a law enforcement officer acting within the scope of his duty and office. *See Blount v. State of Mississippi*, 111 So. 3d 1216, 1218 (Miss. Ct. App. 2012); *see* (ECF No. 56-5, at 32). Blunt was indicted on a charge of aggravated assault against a law enforcement officer but was allowed to plead guilty to the lesser crime of simple assault against a law enforcement officer. (ECF No. 56-3, at 60; ECF No. 56-5, at 32; ECF No. 56-7, at 40). The Mississippi Court of Appeals relied on Blunt's plea petition, which provided "simple assault on LEO; purposefully, unlawfully, and knowingly attempt to put a police officer acting [within] the scope of his office in serious bodily harm." *Blount,* 111 So. 3d at 1218; *see* (ECF No. 55-17, at 4). Blunt also admitted in the plea petition, "I pointed a gun at a police officer." *Blount,* 111 So. 3d at 1218; *see* (ECF No. 55-17, at 4). The Mississippi Court of Appeals found that Blunt's sentence of five years further supported the conclusion that Blunt was convicted of simple assault on a law enforcement officer because simple assault against certain categories of persons is a misdemeanor, subject to a maximum sentence of six months, while simple assault against other categories of persons, including law enforcement officers, carries a

maximum sentence of five years. *Id.*; *see* Miss. Code § 97-3-7. The Mississippi Court of Appeals relied on *Cook v. State,* 910 So. 2d 745, 746 (Miss. Ct. App. 2005), where simple assault against a law enforcement officer was found to be a crime of violence.

Blunt also alleged that the State had not proven "that he was sentenced to one (1) year or more on each of two prior felonies." (ECF 56-6, at 43). The Mississippi Court of Appeals rejected this argument, finding that Blunt "served two years and two days for the simple-assault charge along with his other separate concurrent convictions. He also served three years for a cocaine conviction." *Blount,* 111 So. 3d at 1222. This factual finding was based on the testimony of the office supervisor at MDOC's Central Mississippi Correctional Facility. *Id.* (ECF No. 56-4, at 32). The Mississippi Supreme Court denied Blunt's requests for rehearing. (ECF No. 56-4). His petition for certiorari was denied on April 23, 2013. (ECF No. 56-4, at 3).

On August 26, 2011, while the direct appeal of Blunt's sentence for motor vehicle theft was pending, Blunt filed a *pro se* motion for postconviction relief in the Hinds County Circuit Court, challenging his 1996 enhanced sentence for cocaine possession, asserting that he was illegally sentenced because his three 1993 convictions arose out of the same incident, and his sentences were served concurrently. (Cause No. 94-3-381; *see* ECF No. 56-7, at 5-12). Blunt amended his motion to add allegations regarding all of his convictions. (ECF No. 56-7, at 39-44). The Hinds County Circuit Court limited its review to Blunt's sentence for cocaine possession and denied the motion for postconviction relief on January 13, 2012,

finding the challenge to the 1996 sentence for cocaine possession time-barred. (ECF No. 56-7, at 53). The Circuit Court enforced Mississippi Code § 99-39-5(2), which provides that a movant has three years to file a postconviction relief motion, and failure to do so is a procedural bar. Blunt appealed.

In an August 20, 2013 decision, the Mississippi Court of Appeals affirmed the judgment of the Hinds County Circuit Court. (Cause No. 2011-CP-01650-COA; ECF No. 56-8, at 13-19). The Mississippi Court of Appeals agreed that Blunt's challenge to his 1996 habitual sentence for cocaine possession was time-barred. *Blount v. State,* 126 So. 3d 927 (Miss. Ct. App. 2013). The Court of Appeals found that the Circuit Court appropriately limited its review to the cocaine possession felony because "a separate motion for post-conviction relief must be filed for each cause number or conviction." *Id.* at 930 (citing *Bell v. State,* 2 So. 3d 747, 749 (Miss. Ct. App. 2009) and Mississippi Code § 99-39-9(2)). While Blunt insisted that his 1996 three-year sentence for cocaine possession was illegal because his prior convictions arose from a single incident, the Mississippi Court of Appeals determined that Blunt had not provided proof, such as transcripts or affidavits, demonstrating that the three 1993 convictions arose out of a single incident. *Id.* at 931. The Mississippi Court of Appeals found that Blunt's assertions alone were insufficient to overcome the three-year-time bar. *Id.* The Court of Appeals denied Blunt's request for rehearing on November 26, 2013. (ECF 56-9, at 4). The Mississippi Supreme Court denied Blunt's petition for writ of certiorari on December 19, 2013. *Id.* at 3.

While Blunt's first motion for postconviction relief was pending, Blunt filed a

6

civil action in 2012 in the Circuit Court of Greene County, Mississippi, that was transferred to the Hinds County Circuit Court and treated as a motion for postconviction relief. (Cause No. 251-12-000823; ECF No. 56-11, at 8, 22; ECF No. 56-12, at 358). The motion challenged Blunt's 1996 enhanced sentence, as well as his 2011 enhanced sentence. (ECF No. 56-11, at 43). The Hinds County Circuit Court treated the motion as a challenge to Blunt's 1996 enhanced sentence and did not address the challenge to the 2011 sentence "rendered in another cause number by another Circuit Judge on April 15, 2011." (ECF No. 56-11, at 43). On September 19, 2013, the motion was denied with prejudice as time-barred and on grounds that it had no merit. (ECF No. 56-11, at 43-44; ECF No. 56-12, at 352-414). Blunt appealed.

Blunt maintained on appeal that the three-year-time bar should not apply to his postconviction relief motion because he was illegally sentenced. *Blount v. State,* 194 So. 3d 887, 888 (Miss. Ct. App. 2016) (Cause No. 2013-CP-01710-COA). The Mississippi Court of Appeals issued its decision on January 19, 2016, affirming the Circuit Court's finding that Blunt's petition was time-barred. *Id.* at 889. The Mississippi Court of Appeals acknowledged that the "three-year statute of limitations is waived when a fundamental constitutional right is implicated, and the right to be free from an illegal sentence is a fundamental right." *Dickens v. State,* 119 So. 3d 1141, 1144 (Miss. Ct. App. 2013) (citing *Desamar v. State,* 99 So. 3d 279, 281 (Miss. Ct. App. 2012)).

The Court of Appeals rejected Blunt's argument that he was illegally

7

sentenced as a habitual offender due to the concurrent sentencings from his 1993 convictions, citing State precedent holding that "if a defendant has been convicted of at least two prior felonies that are separately brought and arise from separate incidents, then sentencing as a habitual offender 'is permissible even though only one year or more has been served as a result of concurrent sentencing.'" *Blount,* 194 So. 3d at 889 (citing *Otis v. State,* 853 So. 2d 856, 862 (Miss. 2003) (citing *Magee v. State,* 542 So. 2d 228 (Miss. 1989)). The Mississippi Court of Appeals found that Blunt failed to provide sufficient evidence that his fundamental rights were violated. *Id.*

On April 26, 2013, while both of his appeals from the denial of his motions for postconviction relief were pending, Blunt filed an application in the Mississippi Supreme Court in Cause No. 2013-M-686, requesting leave to file a petition for postconviction relief in circuit court concerning his 2011 enhanced sentence. (ECF No. 56-12, at 213-230). The Mississippi Supreme Court denied Blunt's request on June 12, 2013. (ECF No. 55-4). Blunt sought rehearing, which was denied on August 1, 2013. (ECF No. 55-5). On August 28, 2013, the Mississippi Supreme Court held that the issues raised by Blunt were addressed in Blunt's direct appeal and barred by res judicata. (ECF No. 55-6). To the extent not previously raised, the Mississippi Supreme Court held that the claims could have been brought in prior proceedings and were waived. *Id.* Blunt was warned not to file additional frivolous pleadings. (ECF No. 56-12, at 260). Blunt continued to file motions and was sanctioned in the amount of $100.00 on November 13, 2013. (ECF No. 55-7). In a

8

November 13, 2013, Order, the Mississippi Supreme Court found that Blunt's

petition was barred by the successive writ bar under Mississippi Code § 99-39-27.

*Id.* Blunt continued to file motions that were denied on June 22, 2015, June 23,

2015, July 23, 2015, and July 28, 2016. A petition for writ of mandamus, filed by

Blunt on February 26, 2018, remains pending.

Blunt filed a new application in the Mississippi Supreme Court in Cause No.

2013-M-2101, requesting leave to file a petition for postconviction relief in circuit

court concerning his 2011 enhanced sentence. Blunt signed the application on

December 4, 2013, and it was stamped as filed on December 17, 2013. (ECF No.

ECF No. 56-13, at 63-64). The Mississippi Supreme Court denied the application,

finding the successive writ bar under Mississippi Code § 99-39-27 applied and that

the issues raised in the petition were barred by res judicata because they were

substantially addressed in Blunt's direct appeal and in prior postconviction

proceedings. (ECF No. 55-11). Blunt was sanctioned in the amount of $250.00. *Id.*

Blunt filed more pleadings and was sanctioned $500.00 on September 16, 2015.

(ECF No. 56-14, at 90-91). Blunt continued to file pleadings, and relief was denied.

(ECF No. 56-14, at 2-3).

DISCUSSION

A.    <u>Standard of Review</u>

Before considering the merits of a petition under 28 U.S.C. § 2254 for writ of

habeas corpus, the Court must first determine if all procedural steps necessary to

preserve each issue raised for federal review have been taken. First, the petition

9

must be timely filed with the Court in compliance with 28 U.S.C. § 2244(d)(1).[2]
Second, a writ of habeas corpus may not be granted unless it appears that a
petitioner has exhausted all available state court remedies. *See* 28 U.S.C. §
2254(b)(1). To exhaust a federal constitutional claim, a petitioner must "fairly
present" in state court both the operative facts and federal legal theory of his or her
claim in a procedurally proper manner. *O'Sullivan v. Boerckel,* 526 U.S. 838, 848
(1999).

As a matter of comity and federalism, federal courts generally may not
review a state court's denial of a federal constitutional claim if the state court's
decision rests on a state procedural ground that is independent of the federal
question and adequate to support the judgment. *Coleman v. Thompson,* 501 U.S.
722, 729-30 (1991). "To qualify as an 'adequate' procedural ground, a state rule
must be 'firmly established and regularly followed.'" *Walker v. Martin,* 131 S. Ct.
1120, 1127-28 (2011); *see Beard v. Kindler,* 130 S. Ct. 612, 617-18 (2009). A federal
court may also find claims procedurally defaulted if the petitioner failed to present
them in state court and "the court to which the petitioner would be required to
present his claims in order to meet the exhaustion requirement would now find the
claims procedurally barred." *Coleman,* 501 U.S. at 735 n.1; *see Sones v. Hargett,* 61
F.3d 410, 416 (5th Cir. 1995). Federal courts retain the power to consider the merits
of a procedurally defaulted claim if the petitioner demonstrates legitimate cause for

---

[2] There is no challenge to the timeliness of the Petition.

the failure to properly exhaust the claim in state court and prejudice from the alleged constitutional violation, or shows that a fundamental miscarriage of justice would result if the claim is not heard on the merits in federal court. *See Schlup v. Delo,* 513 U.S. 298, 324-27 (1995).

The issue in a federal habeas proceeding is not whether there was an error in applying state law but instead whether there has been a denial of rights protected by the United States Constitution. *Estelle v. McGuire,* 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."). The federal courts do not function as super appellate courts over the states to review errors under state law. *See Mendiola v. Estelle,* 635 F.2d 487, 491 (5th Cir. 1981). The federal courts may not correct errors of state law unless they also violate the constitutional rights of an accused. *See Smith v. Phillips,* 455 U.S. 209, 221 (1981).

Even in matters affecting constitutional rights, federal courts have a very limited scope of review. The Court's authority to grant relief to a person held in custody pursuant to a state judgment is narrowly circumscribed by 28 U.S.C. § 2254 (d), which provides that a writ of habeas corpus shall not be granted unless the state court adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the

11

evidence presented in the State court proceeding.

As recently summarized by the Fifth Circuit Court of Appeals:

> Because "§ 2254(d)(1)'s 'contrary to' and 'unreasonable application' clauses have independent meaning," there are three ways a federal court can grant habeas relief: (1) if the state court decision was contrary to clearly established Supreme Court law; (2) if the state court decision involved an unreasonable application of clearly established Supreme Court law; or (3) if the state court decision was based on an unreasonable determination of the facts in light of the evidence presented. "AEDPA's standard is intentionally difficult to meet."

*Poree v. Collins,* 866 F.3d 235, 245 (5th Cir. 2017) (citing *Bell v. Cone,* 535 U.S. 685, 694 (2002) and *Woods v. Donald,* --- U.S. --, 135 S. Ct. 1372, 1376 (2015)).

As to questions of fact, factual findings are presumed to be correct, and a federal court will give deference to the state court's decision unless it "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). The petitioner may rebut "the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

B.    Analysis

1.    Alleged Insufficiency of the Evidence – Simple Assault on a Law Enforcement Officer

The propriety of Blunt's life sentence as a violent habitual offender under Mississippi Code § 99-19-83 turned on his 1993 conviction for simple assault on a law enforcement officer, a crime that the Mississippi Court of Appeals has deemed a crime of violence. *Cook,* 910 So. 2d at 746. Blunt maintains that he was illegally

12

sentenced because the sentencing order for his 1993 conviction stated "simple assault . . . five years." (ECF No. 45, at 2-3). The State court considered this issue on direct appeal and postconviction review. (ECF No. 55, at 25). Various facets of this argument are alleged as grounds in Blunt's Amended Petition. Of the fifteen issues for review advanced by Blunt in his Amended Petition, the undersigned has construed Issues Two, Three, Five, Ten, and Twelve as subsumed by Blunt's core allegation that he was illegally sentenced as a violent habitual offender because the State did not prove that he was convicted of simple assault on a law enforcement officer. (ECF No. 45, at 2-5).

The United States Supreme Court's decision in *Lackawanna Cty. Dist. Attorney v. Coss,* 532 U.S. 394, 402-04 (2001) precludes Blunt's claims for federal habeas relief with respect to his 1993 conviction for simple assault on a law enforcement officer. In *Coss,* the Supreme Court held that "once a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid." *Coss,* 532 U.S. at 403. "If that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained." *Id.* at 403-04. The narrow exceptions addressed in *Coss* do not apply here. Blunt had the benefit of legal counsel during the State's proceedings against him leading to his 1993 conviction. *Id.* at 404. Blunt has not shown that a State

13

court, without justification, refused to rule on a constitutional claim that was properly presented to it on direct or collateral review. *Id.* at 405. Blunt has not provided compelling evidence that he is actually innocent of the crime for which he was convicted, and which he could not have uncovered in a timely manner. *Id.*

Respondent does not rely on *Coss*, however, instead submitting that Blunt has not stated a due process claim. Even assuming *Coss* does not apply, Blunt has not presented a meritorious due process claim. "[T]he Due Process Clause of the Fourteenth Amendment forbids a State to convict a person of a crime without proving the elements of that crime beyond a reasonable doubt." *Fiore v. White,* 531 U.S. 225, 228-29 (2001). "In reviewing a claim of insufficient evidence, [the court] must determine whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Donahue v. Cain,* 231 F.3d 1000, 1004 (5th Cir. 2000) (internal citations omitted); *see Jackson v. Virginia,* 443 U.S. 307, 324 (1979). Here, the State court found that there was sufficient evidence to support a finding that Blunt was convicted of simple assault on a law enforcement officer, a felony. Blunt's indictment charged Blunt with

> feloniously, purposely or knowingly attempt[ing] to cause bodily injury to Jim Jones, a human being, with a certain deadly weapon, to-wit: a pistol, by then and there pointing said pistol at or towards Jim Jones,

> he, the said Jim Jones being a duly sworn and presently acting law enforcement officer, to-wit: a sworn officer of the City of Jackson, Mississippi Police Department, acting within the scope of his duty and office

14

(ECF No. 56-5, at 32).

Blunt's signed plea petition stated "I plead guilty to the charge(s) of simple assault on a law enforcement officer[.]" (ECF No. 55-17, at 1). The plea petition stated "simple assault on a LEO: purposefully, unlawfully and knowingly attempt to put a police officer acting w/in the scope of his office, in seriously bodily harm." *Id.* at 3-4. Blunt admitted in the plea petition, "I pointed a gun at a police officer." *Id.* at 4. Blunt's 5-year sentence was consistent with the sentence prescribed for simple assault of a law enforcement officer. *Blount,* 111 So. 3d at 1222 (citing Miss Code § 97-3-7(1)).

The determination of the sufficiency of the evidence by a state appellate court is entitled to great deference. *See Callins v. Collins,* 998 F.2d 269, 276 (5th Cir. 1993). Blunt has not advanced a meritorious due process claim because it is clear that the evidence presented at Blunt's sentencing was sufficient to permit a rational factfinder's conclusion that Blunt was convicted of simple assault on a law enforcement officer. Blunt states no claim with respect to his allegation that that the plea petition should not have been considered because it was not the "best evidence." (ECF No. 45, at 2). "[F]ederal courts sitting in habeas do not review state courts' application of state evidence law," unless application of a state evidence rule violates a constitutional right, which Blunt has not shown. *Jones v. Cain,* 600 F.3d 527, 536 (5th Cir. 2010); *see Estelle,* 502 U.S. at 67 (inquiry into whether evidence was admitted in violation of state law is not properly part of habeas review of state

conviction). Furthermore, Blunt relies on *DeBussi v. State,* 453 So.2d 1030 (Miss. 1984), which was overruled on the grounds for which Blunt relies upon it because it was decided before the adoption of the Mississippi Rules of Evidence. "The issue of whether a document is legally authentic as to be admissible evidence of prior convictions is now governed by Rules 901 and 902 of the Mississippi Rules of Evidence." *Cox v. State,* 586 So. 2d 761, at 765 (Miss. 1991). The undersigned recommends that the claims in Issues Two, Three, Five, Ten, and Twelve of Blunt's Amended Petition be dismissed.

2.  Alleged Insufficiency of the Evidence – Whether Blunt Served One Year or More for Simple Assault on a Law Enforcement Officer

Blunt contends that, at his 2011 sentencing, the State failed to prove beyond a reasonable doubt that he served one year or more for two prior felony convictions. (ECF No. 45, at 2). Blunt alleges that because he served his 1993 sentences concurrently, he did not serve one year or more for his simple assault on a law enforcement officer conviction. *Id.* at 3. These grounds are alleged as Issues One and Seven in Blunt's Amended Petition. (ECF No. 45, at 2-3). Respondent acknowledges that, to the extent that Blunt challenges the sufficiency of the evidence to support his sentence as a violent habitual offender, he exhausted in State court. (ECF No. 55, at 25).

On Blunt's direct appeal, the Mississippi Court of Appeals found that there was sufficient evidence to support a finding that Blunt served one year or more for two prior felony convictions. *Blount,* 111 So. 3d at 1222. The State court relied on

the testimony of an office supervisor at MDOC's Central Mississippi Correctional Facility in concluding that "Blount served two years and two days for the simple-assault charge along with his other separate concurrent convictions. He also served three years for a cocaine conviction." *Id.*

On postconviction review, the Mississippi Supreme Court rejected Blunt's present argument regarding concurrent sentencing. *Blount,* 194 So. 3d at 889. The Court of Appeals cited Mississippi Supreme Court precedent holding that "if a defendant has been convicted of at least two prior felonies that are separately brought and arise from separate incidents, then sentencing as a habitual offender 'is permissible even though only one year or more has been served as a result of concurrent sentencing.'" *Id.* (citing *Otis,* 853 So. 2d at 862). To the extent that Blunt requests the Court to find differently, he is asking a federal court to reexamine a State-court determination on a State-law question. *See Estelle,* 502 U.S. at 67-68. The Court is limited to determining whether there has been a constitutional violation, which Blunt has not shown. Blunt has not advanced a meritorious due process claim because it is clear that the evidence presented at Blunt's sentencing was sufficient to permit a rational factfinder's conclusion that Blunt served one year or more for simple assault on a law enforcement officer. *Jackson,* 443 U.S. at 319. The undersigned recommends that the claims in Issues One and Seven in Blunt's Amended Petition be dismissed.

17

3.    <u>Alleged Insufficiency of the Evidence – Whether Blunt's 1993 Charges
Were Separately Brought and Arose Out of Separate Incidents at
Different Times</u>

To be sentenced as a violent habitual offender to life without parole or probation, Mississippi Code § 99-19-83 required that Blunt "have been convicted twice previously of any felony or federal crime upon charges separately brought and arising out of separate incidents at different times . . . ." Miss. Code § 99-19-83. Blunt maintains in Issues Four and Seven of his Amended Petition that his 1993 charges were not separately brought and did not arise out of separate incidents at different times. (ECF No. 45, at 2-3). Respondent acknowledges that, to the extent that Blunt is challenging the sufficiency of the evidence to support his sentence as a violent habitual offender, Blunt exhausted in State court. (ECF No. 55, at 25).

With respect to his "separately brought" argument, the State court record contains numerous copies of the indictments and sentencing orders underlying Blunt's felony convictions. (ECF No. 56-5, at 25-36, 240-41). The charges were brought by separate indictments in separate cause numbers, which is sufficient evidence to permit a rational factfinder's conclusion that Blunt's charges were "separately brought." With respect to his "arising out of" argument, the Mississippi Court of Appeals found that Blunt had "offer[ed] no record support for his claim. He has not attached transcripts from his three prior guilty pleas, nor has he provided affidavits to support his argument." *Blunt,* 126 So. 3d at 931. Blunt's assertions alone were not enough to establish that he had been illegally sentenced. The indictments in the State-court record underlying Blunt's 1993 convictions charge

18

that three separate crimes were committed on three different days. The indictment charging Blunt as an accessory after the fact alleged that the crime occurred on October 23, 1991. (ECF No. 56-5, at 27). The indictment underlying Blunt's conviction for receiving stolen goods alleged that the crime occurred on October 24, 1991. *Id.* at 25. The indictment charging Blunt with aggravated assault against a law enforcement officer alleged that the crime occurred on October 25, 1991. *Id.* at 32. Blunt has not demonstrated that the State court's findings violated his constitutional rights. The undersigned recommends that the claims in Issues Four and Seven of Blunt's Amended Petition be dismissed.

4.    Whether the State Court Erred in Finding that Blunt's 2012 Motion for Postconviction Relief Was Time-Barred

Blunt maintains that the State court erred by finding that his cause of action, filed in 2012 in Greene County Circuit Court, and transferred to Hinds County Circuit Court, was time-barred. (ECF No. 45, at 3-4). Blunt identifies the case he is referring to as 2013-CP-01710-COA, which is the cause number for his appeal of Hinds County Circuit Court Cause No. 251-12-000823. Issues Eight and Thirteen in Blunt's Amended Petition pertain to this issue. (ECF No. 45, at 3-4).

The Hinds County Circuit Court treated Blunt's action as a motion for postconviction relief challenging his 1996 sentence. The Circuit Court did not address the 2011 sentence "rendered in another cause number by another Circuit Judge on April 15, 2011." (ECF No. 56-11, at 43). Blunt argues that his motion for postconviction relief was not time-barred because it challenged his 2011 sentence.

(ECF No. 56-12, at 170-71). Blunt made this argument in his Reply brief filed in 2013-CP-01710-COA, but it was rejected. The Mississippi Court of Appeals found that Blunt's motion for postconviction relief "challenged his various previous convictions and sentences but primarily attacked the court's imposition of an enhanced sentence for his 1996 cocaine-possession conviction." *Blount,* 126 So. 3d at 929. The Mississippi Court of Appeals considered whether Blunt could overcome the three-year-time bar by demonstrating that he had been illegally sentenced. *Blount,* 194 So. 3d at 888. It concluded that Blunt could not because his concurrent sentencing argument lacked merit, and he did not provide sufficient evidence to establish an illegal sentence. *Id.*

The three-year-time bar in Mississippi Code § 99-39-5(2) is independent of a federal question and adequate to support the judgment of the State court. *Coleman,* 501 U.S. at 729-30; *see Lockett v. Anderson,* 230 F.3d 695, 701 n.5 (5th Cir. 2000); *Moore v. Roberts,* 83 F.3d 699, 701-02 (5th Cir. 1996). This procedural rule is unambiguous, firmly established, and regularly followed. Blunt's 1996 sentence is no longer open to direct appeal or collateral attack because Blunt failed to pursue those remedies while they were available or unsuccessfully did so. The 1996 conviction was later used to enhance Blunt's 2011 sentence, and, under *Coss,* Blunt may not challenge his 2011 enhanced sentence through a § 2254 petition on grounds that his 1996 sentence was unconstitutionally obtained. *Coss,* 532 U.S. at 403-04. The narrow exceptions in *Coss* do not apply. Blunt had legal counsel during the 1996 proceedings, he has not shown that a State court refused to rule on a

20

constitutional claim that was properly presented to it, and he does not claim that he was actually innocent of the charges for cocaine possession, much less provide compelling evidence of actual innocence. The undersigned recommends that the claims in Issues Eight and Thirteen of Blunt's Amended Petition be dismissed.

     5.    <u>The Sufficiency of the Indictment Charging Petitioner as a Habitual Offender</u>

Issues Six, Eleven, Fourteen, and Fifteen in Blunt's Amended Petition challenge the sufficiency of the 1994 indictment charging Blunt as a habitual offender. (ECF No. 56-5, at 29). The indictment incorrectly stated that Blunt was previously convicted of the crime of aggravated assault, when it should have stated that Blunt was convicted of simple assault on a law enforcement officer. (ECF No. 56-5). Blunt does not explain how this prejudiced him. Both aggravated assault and simple assault on a law enforcement officer are crimes of violence under Mississippi law. *See Davis v. State,* 680 So. 2d 848, 851 (Miss. 1996); *Cook,* 910 So. 2d at 746.

The 1996 conviction for cocaine possession is no longer open to direct or collateral attack in its own right because Blunt failed to pursue those remedies while they were available or he did so unsuccessfully. Even assuming that *Coss* does not preclude federal habeas relief, Blunt has not stated a cognizable claim because "[t]he sufficiency of a state indictment is not a matter for federal habeas corpus review unless it can be shown that the indictment is so defective that the convicting court had no jurisdiction." *Alexander v. McCotter,* 775 F.2d 595, 598 (1985). Blunt is not making an argument that casts doubt upon the State court's jurisdiction.

Furthermore, because Blunt did not make this claim on direct appeal of his 2011 conviction and sentence, and because Blunt's motions for postconviction relief were found to be time-barred under Mississippi Code § 99-39-5(2) or barred as successive writs under Mississippi Code § 99-39-27(9), this issue was not fairly presented to the State court in a procedurally proper manner and is not exhausted. *See O'Sullivan,* 526 U.S. at 848. The three-year-time bar and successive writ bar are State procedural grounds independent of a federal question and adequate to support the judgments. *Coleman,* 501 U.S. at 729-30; *Lockett,* 230 F.3d at 701 n.5; *Moore,* 83 F.3d at 701-02. These procedural rules are unambiguous, firmly established, and regularly followed. Blunt has not shown cause for his failure to properly exhaust, nor has he demonstrated a fundamental miscarriage of justice.

Throughout his filings, Blunt blames his counsel on direct appeal of his 2011 conviction and sentence for not raising claims that he asked him to raise. This Court is procedurally barred from reviewing Blunt's argument regarding his counsel at this juncture because Blunt did not exhaust an ineffective assistance of counsel claim in State court. *Hatten v. Quarterman,* 570 F.3d 595, 605 (5th Cir. 2009). Because Blunt did not exhaust, ineffective assistance of counsel cannot furnish the basis for cause and prejudice enabling federal review of any unexhausted claims in Blunt's Amended Petition. *Id.* Any ineffective assistance of counsel claim is now procedurally defaulted because the State court would now find the claim procedurally barred by the three-year time bar or as a successive writ. *See Sones,* 61 F.3d at 416. It is recommended that the claims in Issues Six, Eleven,

Fourteen, and Fifteen be dismissed.

6.    Whether the State Court Made an Incorrect Statement of Law

Blunt alleges in Issue 9 of his Amended Petition that he is entitled to habeas relief because the State court made an incorrect statement of law when it stated "it is not necessary to show that a defendant *served* more than one year." (ECF No. 45, at 3) (citing *Blount,* 111 So. 3d at 1222). No constitutional or federal right is at issue, and the issue is inapposite because the State court found sufficient evidence that Blunt previously served separate terms of one year or more.

## RECOMMENDATION

Based on the above analysis, the undersigned recommends that Charlie Blunt's Amended Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus be denied and this case dismissed.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Under Rule 72(a)(3), *Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi* (Dec. 1, 2011), after service of a copy of this Report and Recommendation, each party has fourteen days to serve and file with the Clerk any written objections to it. Within seven days of service of objections, the opposing party must either serve and file a response or notify the District Judge that he does not intend to respond to the objection. An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects; the District Court need not consider frivolous, conclusive, or general objections. A party who

23

fails to file written objections to the proposed findings, conclusions, and recommendations within fourteen (14) days of being served a copy is barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion accepted by the District Court to which he did not object.

*Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

      **SIGNED**, this the 24th day of April, 2018.

*s/ John C. Gargiulo*
JOHN C. GARGIULO
UNITED STATES MAGISTRATE JUDGE